JOHN D. BROWN *vs.* BENJAMIN F. DICKERSON, Constable.

Kent County, October Term, 1895.

**Sale.**—The requisites of a valid sale of goods and chattels in this State as against creditors, are a valuable consideration paid or secured, and actual delivery into the possession of the vendee as soon as conveniently may be after the making of the sale.

**Fraud.**—Fraud is never presumed and when relied on to avoid a sale must be proved to the satisfaction of the jury.

This was an action of replevin, brought by John D. Brown, the plaintiff, against Benj. F. Dickerson, Constable, the defendant, to recover the value of a portable steam saw-mill, tools and fixtures.

The facts alleged to be proved were as follows:   On the first of December, 1893, Tillman W. Brown sold to Joseph Brown the said mill, tools and fixtures for the sum of five hundred dollars, and he sent him a receipt for the same; the said mill being located in Mispilion Hundred, in this county.   About the tenth of December, 1893, Tillman W. Brown left the State and remained away for a long time.   On the third, fourth and fifth of January, 1894, Alfred E. Dunn, Sheriff of Kent County, under an execution in favor of John D. Brown against Tillman W. Brown, sold to the plaintiff a circular saw, swedge, belt and wrench, but was forbidden to sell the mill, tools and fixtures by Joseph Brown, who was then on the premises and prevented the sale.   On the tenth of March, 1894, John D. Brown, the plaintiff, bought the mill, tools and fixtures from Joseph Brown for the sum of four hundred dollars, took possession and operated the same until the twentieth day of August, 1894; at which date Benjamin F. Dickerson, as Constable, under two executions, one in favor of Albert Harrington for one hundred dollars, the other in favor of J. Wills Powell for eighty-five dollars, levied upon the property in question and sold the same as the property of Tillman W. Brown.

John D. Brown, the plaintiff, sued out this writ of replevin against the Constable to recover the property so levied upon. The defendant, upon the service of the writ of replevin, did not deliver the same to the Sheriff, but retained possession of it on a property bond under claim of title.

The plaintiff, John D. Brown, claimed. the mill, tools and fixtures under his purchase from Joseph Brown March 10th, 1894, and the circular saw, swedge, belt and wrench under his purchase at Sheriff's sale on January third, fourth and fifth, 1894, and that he was entitled to recover the value of the same from the defendant, who unlawfully took and withheld the same from him.

The question was whether on the twentieth day of August, 1894, the goods and chattels in question rightfully belonged to John D. Brown or to Tillman W. Brown.

LORE, C. J. (charging the jury).

This being an action of replevin, the plaintiff must recover upon the strength of his own title. In order to recover, it is incumbent upon him to prove to your satisfaction that on that day he was entitled to the possession of the mill in question. The plaintiff relies for such proof upon the sale and delivery of the mill, tools and fixtures by Tillman to Joseph Brown December first, 1893, and by Joseph to John D. Brown, the plaintiff, March tenth, 1894, and the sale of Sheriff Dunn to John D. Brown January third, fourth and fifth, 1894.

The defendant claims that these sales were fraudulent. That no consideration passed in the first instance from Joseph to Tillman, or in the second, from John D. to Joseph Brown. That Tillman was insolvent at the time of such sale and the same was in fraud of creditors, and that no valid delivery of the possession of said goods and chattels was ever had under our statute of frauds.

The statute reads as follows: "No sale, whether with or without bill of sale, of any goods and chattels, within this State, shall be good in law (except as against vendor), or shall change, or alter, the property in such goods or chattels, unless a valuable considera-

tion for the same shall be paid, or in good faith secured to be paid, unless the goods and chattels sold shall be actually delivered into the possession of vendee, as soon as conveniently may be after the making of such sale.

"And if such goods and chattels, so sold, shall afterwards come into and continue in the possession of the vendor, the same shall be liable to the demands of all his creditors."

The absolute requisite of a valid sale of goods and chattels as against creditors in this State therefore is, that a valid consideration for the same shall be paid or secured to be paid, and the actual delivery of the same into the possession of the vendee as soon as conveniently may be after the making of the sale.

If no such consideration was paid in this case, the sale was voluntary and is void as against creditors. So if the sale was made for the purpose of defrauding, hindering or delaying creditors and the purchaser was privy to such purpose the sale is void. But it will not be void where there is valid delivery if the purchaser was not so privy. An insolvent debtor may pay the debt of any one of his creditors in preference to others, if it is done in good faith. An antecedent debt due from the creditor to the purchaser has been held to be a valuable consideration.

Delivery of possession of goods and chattels, may be either actual or constructive ; but both contemplate the absolute giving up of the control and custody thereof on the part of the vendor and the assumption of the same by the vendee. Whether such delivery of possession has been made depends upon the facts of each particular case. If you believe in this case from the evidence, that a *bona fide* sale was made by Tillman W. to Joseph Brown, December 1st, 1893, Tillman reserving the right to use the mill up to January 1st, 1894, and that after January 1st, 1894, Joseph Brown, or persons under him, in pursuance of such sale, came into possession of the mill, tools and fixtures, and so remained until August 20th, 1894, the date of the Constable's levy ; then we say to you, that such possession, would be a transfer or delivery of possession within the meaning of our statute of frauds. We cannot say to you as a

matter of law that there was no valid delivery of possession in this case. That is a question of fact for you to determine from the evidence.

Fraud is never presumed, and where it is relied upon to avoid a sale, it must be proved to the satisfaction of the jury. It need not be proved by direct and positive testimony. It may be, and ordinarily is proved by the circumstances surrounding the particular transaction ; such as the condition, acts and, declarations of the parties. Persons about to perpetrate fraud, do not ordinarily proclaim such intention, but seek rather to conceal it.

The law governing this case is well settled. The only difficulty is in its application to the facts. The questions involved are mainly those of fact to be determined by you upon the evidence, and not by the Court upon the law.

The plaintiff is entitled to recover the value as proved of the circular saw, the belt, the swedge and the wrench, which he bought at the Sheriff's sale of January 3d, 4th and 5th, 1894, and which the defendant has not impeached by evidence.

If you believe from the evidence, that on the twentieth day of August, 1894, the date of the levy by the Constable, defendant, that John D. Brown was in possession of and entitled to the mill, tools and fixtures as the *bona fide* purchaser thereof from Joseph Brown who was a like purchaser from Tillman W. Brown, for a valuable consideration, your verdict should also be for the plaintiff for the value of the same, according to the proof in this cause.

*George M. Jones* and *Edward Ridgley, Jr.,* for the plaintiff.

*James Pennewill* and *Edward Ridgley, Sr.,* for the defendant.